1  Jennifer Chang Newell (SBN 233033)
   jnewell@aclu.org
2  Katrina L. Eiland (SBN 275701)
   keiland@aclu.org
3  Julie Veroff (SBN 310161)
   jveroff@aclu.org
4  ACLU FOUNDATION
   IMMIGRANTS' RIGHTS PROJECT
5  39 Drumm Street
   San Francisco, CA 94111
6  Telephone: (415) 343-0770
   Facsimile: (415) 395-0950
7
   Michael K. T. Tan*
8  mtan@aclu.org
   David Hausman*
9  dhausman@aclu.org
   ACLU FOUNDATION
10 IMMIGRANTS' RIGHTS PROJECT
   125 Broad Street, 18th Floor
11 New York, NY 10004                *Attorneys for Plaintiffs*
   Telephone: (212) 549-2660         (Additional counsel listed on the
12 Facsimile: (212) 549-2654          following page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INLAND EMPIRE – IMMIGRANT YOUTH COLLECTIVE, et al. on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, Secretary, U.S. Department of Homeland Security, et al.,<br><br>Defendants. | Case No. 5:17-cv-02048-PSG-SHK<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD OR COMPEL PRODUCTION OF A PRIVILEGE LOG**<br><br>**Judge:** Hon. Philip S. Gutierrez<br>**Courtroom:** 6A<br>**Hearing:** April 8, 2019<br>**Time:** 1:30PM |

1  Ahilan T. Arulanantham (SBN 237841)
   aarulanantham@aclusocal.org
2  Michael Kaufman (SBN 254575)
   mkaufman@aclusocal.org
3  Dae Keun Kwon (SBN 313155)
   akwon@aclusocal.org
4  ACLU FOUNDATION OF SOUTHERN
   CALIFORNIA
5  1313 West 8th Street
   Los Angeles, CA  90017
6  Telephone: (213) 977-5232
   Facsimile: (213) 977-5297
7

8  *Counsel for Plaintiffs*

9  *admitted *pro hac vice*

# TABLE OF CONTENTS

**INTRODUCTION** ...................................................................................................1

**BACKGROUND** ....................................................................................................2

**LEGAL STANDARD** ............................................................................................4

**ARGUMENT** .........................................................................................................6

    **I.  Deliberative Documents Cannot Be Categorically Excluded from the Administrative Record**................................................................................6

    **II. Defendants Must Produce a Privilege Log**................................................9

**CONCLUSION** ....................................................................................................13

i

# TABLE OF AUTHORITIES

**Cases**

*ASSE Int'l, Inc. v. Kerry*,
  No. SACV 14-00534-CJC(JPRx), 2018 WL 3326687 (C.D. Cal. Jan. 3, 2018) ........ 7
*Assembly of Cal. v. U.S. Dep't of Commerce*,
  968 F.2d 916 (9th Cir. 1992) ............................................................................... 13
*California ex rel. Lockyer v. U.S. Dep't of Agric.*,
  No. C05-03508 ED, 2006 WL 708914 (N.D. Cal. March 16, 2006) ................... 7
*California v. U.S. Dep't of Labor*,
  No. 2:13-CV-02069-KJM-DAD, 2014 WL 1665290 (E.D. Cal. Apr. 24, 2014) ....... 7
*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971) ............................... 8
*City of Laguna Niguel v. Fed. Emergency Mgmt. Agency*,
  No. SACV 09-0198 DOC (MLGx), 2010 WL 11519590
  (C.D. Cal. Mar. 26, 2010) ........................................................... 7, 9, 10, 11
*Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*,
  No. CV 14-1667 PSG(Cwx), 2015 WL 3606419
  (C.D. Cal. Feb. 4, 2015) ........................................................... 8, 10, 12, 13
*Ctr. for Food Safety v. Vilsack*,
  No. 15-cv-01590-HSG (KAW), 2017 WL 1709318 (N.D. Cal. May 3, 2017) ...... 7, 9
*Ctr. of Biological Diversity v. U.S. Bureau of Land Mgmt.*,
  No. C-06-4884-SI, 2007 WL 3049869 (N.D. Cal. Oct. 18, 2007) ....................... 7
*Desert Survivors v. U.S. Dep't of the Interior*,
  231 F. Supp. 3d 368 (N.D. Cal. 2017) .................................................................. 9
*Exxon Corp. v. Dep't of Energy*,
  91 F.R.D. 26 (N.D. Tex. 1981) ........................................................................ 4, 5
*Exxon Mobile Corp. v. Mnuchin*,
  No. 3:17-CV-1930-B, 2018 WL 4103724 (N.D. Tex. Aug. 29, 2018) ............... 4, 5
*Gill v. U.S. Dep't of Justice*,
  No. 14-cv-03120-RS (KAW), 2015 WL 9258075 (N.D. Cal. Dec. 18, 2015) ..... 7, 13
*Home Box Office, Inc. v. FCC*,
  567 F.2d 9 (D.C. Cir. 1977) ............................................................................... 11
*In re Thomas E. Price*,
  No. 17-71121 (9th Cir. Jan. 26, 2018) ............................................................... 10
*In re United States*,
  875 F.3d 1200 (9th Cir. 2017) ......................................................................... 9, 10
*Indigenous Envtl. Network v. U.S. Dep't of State*,
  No. CV-17-29-GF-BMM, 2018 WL 1796217 (D. Mont. Apr. 16, 2018) ............. 7
*Inst. for Fisheries Res. v. Burwell*,
  No. 16-CV-01574-VC, 2017 WL 89003 (N.D. Cal. Jan. 10, 2017) .......... 6, 7, 8, 9

*McCrary v. Gutierrez*,
  495 F. Supp. 2d 1038 (N.D. Cal. 2007) ................................................................. 5
*Mickelsen Farms v. Animal & Plant Health Inspection Serv.*,
  No. 1:15-cv-00143-EJL-CWD, 2017 WL 2172436 (D. Idaho May 17, 2017) .......... 7
*Nat'l Wildlife Fed'n v. U.S. Forest Serv.*,
  861 F.2d 1114 (9th Cir. 1988) .............................................................................. 12
*Nw. Envtl. Advocates v. U.S. E.P.A.*,
  No. 05-1876-HA, 2008 WL 111054 (D. Or. Jan. 7, 2008) ..................................... 9
*Oceana, Inc. v. Pritzker*,
  No. 16-CV-06784-LHK, 2017 WL 2670733 (N.D. Cal. June 21, 2017) ......... 5,7,8
*Pitman v. USCIS*,
  No. 2:17-CV-00166-CV-EJF, 2018 WL 3232355 (D. Utah July 2, 2018) ............ 11
*Portland Audubon Soc. v. Endangered Species Comm.*,
  984 F.2d 1534 (9th Cir. 1993) .............................................................................. 11
*Pub. Power Council v. Johnson*,
  674 F.2d 791 (9th Cir. 1982) .................................................................................. 5
*Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*,
  No. C 17-05211 WHA, 2018 WL 1210551 (N.D. Cal. Mar. 8, 2018) .................. 11
*San Francisco Bay Conservation & Dev. Comm'n v. U.S. Army Corps of Engineers*,
  No. 16-CV-05420-RS(JCS), 2018 WL 3846002 (N.D. Cal. Aug. 13, 2018) ...7, 9, 11
*Sierra Club v. Zinke*,
  No. 17-CV-07187-WHO, 2018 WL 3126401 (N.D. Cal. June 26, 2018) ......... passim
*Thompson v. U.S. Dep't of Labor*,
  885 F.2d 551 (9th Cir. 1989) ............................................................................. 4,6
*United Farm Workers v. Administrator, U.S. E.P.A*,
  No. C 07-3950, 2008 WL 3929140 (N.D. Cal. Aug. 26, 2008) .............................. 7

**Statutes**

5 U.S.C. § 706 ............................................................................................................ 4, 11

# INTRODUCTION

This Court issued a classwide preliminary injunction in February 2018. The injunction blocks two systemic Department of Homeland Security practices: terminating Deferred Action for Childhood Arrivals (DACA) without notice or process and terminating DACA based solely on the issuance of a Notice to Appear initiating removal proceedings due to lack of immigration status. These two practices had resulted in the arbitrary termination of DACA for numerous young immigrants who did nothing to change their eligibility for the program. *See* ECF No. 61 at 9-12. The Court held that these practices were likely arbitrary and capricious and contrary to law under the Administrative Procedure Act because termination without process violated the agency's own rules, which require notice and process prior to termination of DACA grants in most cases; because termination based on the issuance of a Notice to Appear (NTA) charging removability due to lack of a lawful immigration status was arbitrary and irrational given the design of the DACA program and procedures; and because the practices resulted in U.S. Citizenship and Immigration Services' (USCIS) failure to provide a reasoned explanation for its change in position as to the appropriateness of granting DACA. *Id.* at 26-31.

In preparation for the parties' motions for summary judgment and Plaintiffs' motion for a permanent injunction, the Court ordered Defendants to certify the administrative record (AR) in this case. *See* ECF No. 96-1. Counsel for Defendants provided counsel for Plaintiffs with a Certification of the Administrative Record from

1

USCIS on February 8, 2019, and with three declarations regarding the documents pertaining to the individual termination decisions for Jesús Alonso Arreola Robles, Jose Eduardo Gil-Robles, and Ronan Carlos De Souza Moreira on February 6, 2019. *See* Declaration of Katrina L. Eiland, Feb. 8, 2019 ("Eiland Decl.") ¶ 4.

The AR Defendants certified is incomplete. Defendants have refused to include an unknown number of documents simply because they are assertedly deliberative, without regard for whether the documents were directly or indirectly considered by the agency's decision-makers. These include policy documents related to the appropriateness of terminating DACA *with* notice, which are pertinent to the agency's practice of terminating DACA *without* notice, as it is implausible that the agency failed to consider, directly or indirectly, its policies on terminating DACA with notice when deciding when notice is not required.

Because Defendants have not applied the correct legal standard in compiling the AR, Plaintiffs respectfully ask the Court to order Defendants to complete the AR with all documents that were before the agency. If Defendants wish to assert the deliberative process privilege or the attorney client privilege as to any of these documents, Plaintiffs request that the Court order Defendants to produce a privilege log that properly indexes and supports any assertion of privilege.

**BACKGROUND**

Defendants produced to Plaintiffs an initial proposed AR on November 15, 2018, and provided additional AR documents on November 29, 2018, and January 24,

2019. After Plaintiffs reviewed the proposed AR and raised concerns, counsel for Plaintiffs and Defendants met and conferred by telephone and over email. Counsel for Plaintiffs and Defendants resolved most of the disputes. The only unresolved issues are whether Defendants may categorically exclude deliberative materials from the AR and whether Defendants must produce a privilege log to support withholding documents based on the deliberative process privilege and/or attorney client privilege. These issues relate only to the AR certified by USCIS concerning the challenged termination practices. *See* Eiland Decl. ¶ 3.

In the course of finalizing the AR, counsel for Defendants informed counsel for Plaintiffs that the agency was unable to identify a specific decision by the agency to enact a policy of terminating DACA without notice or process in circumstances beyond those permitted by the binding DACA Standard Operating Procedures. *See* Eiland Decl., Ex. B. Accordingly, the AR would contain documents reflecting the "existence and application" of the agency's DACA termination practices. *Id.* Defendants' counsel also informed Plaintiffs' counsel that the certified AR would not include certain documents, including those that "describe or explain the [Notice of Intent to Terminate] policy," because those documents were deemed to be deliberative. *Id.*, Ex. C; *see also id.*, Ex. D ("All of the documents withheld from the AR were drafts and/or deliberative in nature . . . ."). Defendants' counsel further stated that the majority of these documents were likely also subject to attorney client privilege. *Id.*, Exs. C, D. Finally, Defendants' counsel explained that they did not

3

believe Defendants were required to supply a privilege log. *Id.*, Ex. B.

Defendants have now certified the AR compiled by USCIS pertaining to the challenged termination practices and the termination decisions of the three named Plaintiffs. According to the Certification of Administrative Record provided to Plaintiffs' counsel, the AR includes "the non-privileged documents that reflect the existence and application of the challenged policy of termination of Deferred Action for Childhood Arrivals (DACA) without advance notice or an opportunity to respond," as well as "non-privileged documents created or maintained by USCIS in the course of notifying each named plaintiff of the termination of their DACA grant." *Id.*, Ex. A.

Pursuant to the Court's Scheduling Order, ECF No. 97, Plaintiffs now file the instant motion regarding the contents of the AR.[1]

## LEGAL STANDARD

In reviewing agency action, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The Ninth Circuit has held that the whole record "is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original) (quoting *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 32 (N.D. Tex. 1981)). Rather, the whole record "consists of all

---

[1] This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on various occasions, including December 7, 2018; December 21, 2018; January 16, 2019; January 17, 2019; January 18, 2019; and February 6, 2019.

4

documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Id.* (emphasis in original) (quoting *Exxon Corp.*, 91 F.R.D. at 32); *see also Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982) (Kennedy, J.) (noting that "the court must look to all the evidence that was before the decision-making body") (quoting *Exxon Corp.*, 91 F.R.D. at 33). "If the agency determines that certain documents that were considered, directly or indirectly, should be excluded while designating the Administrative Record index, those documents should be entered into a privilege log to submit the 'whole record' to the court." *Sierra Club v. Zinke*, No. 17-CV-07187-WHO, 2018 WL 3126401, at *2 (N.D. Cal. June 26, 2018).

An agency's designation of an administrative record is "entitled to a presumption of administrative regularity," *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007), but plaintiffs can overcome that presumption in at least two ways. First, plaintiffs may overcome the presumption by "identify[ing] the allegedly omitted materials with sufficient specificity and identify[ing] reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK, 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (internal quotation marks omitted). Second, plaintiffs may overcome the presumption "by showing that the agency applied the wrong standard in compiling the record." *Id*. It is not necessary that plaintiffs "show bad faith or improper motive to rebut the presumption." *Id.*

# ARGUMENT

## I. Deliberative Documents Cannot Be Categorically Excluded from the Administrative Record.

Defendants have categorically excluded assertedly deliberative documents from the administrative record simply because they are deliberative. These excluded documents include documents related to the agency's written policy of terminating DACA only *with* notice and process. That categorical exclusion is improper. "Though caution against probing the mental processes of individual agency decision-makers is justified, the inquiry [on a motion to complete] begins with whether the record consists 'of all documents and materials directly or *indirectly* considered by agency decision-makers.'" *Sierra Club*, 2018 WL 3126401, at *2 (emphasis in original) (quoting *Thompson*, 885 F.2d at 555). "If agency decision-makers considered documents that could be characterized as decisional or deliberative materials, these should be included in the administrative record or noted in a privilege log." *Id.*

District courts in this circuit have routinely held that the categorical exclusion of deliberative documents is improper. That is because "[i]t is obvious that in many cases internal comments, draft reports, inter- or intra-agency emails, revisions, memoranda, or meeting notes will inform an agency's final decision." *Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017). Accordingly, district courts in the Ninth Circuit have "repeatedly required deliberative materials . . . to be added to the administrative record if they

6

were considered in the agency's decision." *Sierra Club*, 2018 WL 3126401, at *3.[2] *See, e.g., id.*, at *2-*3; *San Francisco Bay Conservation & Dev. Comm'n v. U.S. Army Corps of Engineers*, No. 16-CV-05420-RS(JCS), 2018 WL 3846002, at *7 (N.D. Cal. Aug. 13, 2018); *Indigenous Envtl. Network v. U.S. Dep't of State*, No. CV-17-29-GF-BMM, 2018 WL 1796217, at *3-*4 (D. Mont. Apr. 16, 2018); *Mickelsen Farms v. Animal & Plant Health Inspection Serv.*, No. 1:15-cv-00143-EJL-CWD, 2017 WL 2172436, at *4 (D. Idaho May 17, 2017); *Ctr. for Food Safety v. Vilsack*, No. 15-cv-01590-HSG (KAW), 2017 WL 1709318, at *4 (N.D. Cal. May 3, 2017); *Inst. for Fisheries Res.*, 2017 WL 89003, at *1; *Gill v. U.S. Dep't of Justice*, No. 14-cv-03120-RS (KAW), 2015 WL 9258075, at *6-*7 (N.D. Cal. Dec. 18, 2015); *City of Laguna Niguel v. Fed. Emergency Mgmt. Agency*, No. SACV 09-0198 DOC (MLGx), 2010 WL 11519590, at *3-4 (C.D. Cal. Mar. 26, 2010); *United Farm Workers v. Administrator, U.S. E.P.A*, No. C 07-3950, 2008 WL 3929140, at *2 (N.D. Cal. Aug. 26, 2008); *Ctr. of Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. C-06-4884-SI, 2007 WL 3049869, at *5-*6 (N.D. Cal. Oct. 18, 2007); *California ex rel. Lockyer v. U.S. Dep't of Agric.*, No. C05-03508 ED, 2006 WL 708914, at *4 (N.D. Cal. March 16, 2006). *But see, e.g., ASSE Int'l, Inc. v. Kerry*, No. SACV 14-00534-CJC(JPRx), 2018 WL 3326687, at *2 (C.D. Cal. Jan. 3, 2018); *California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 1665290, at *13 (E.D. Cal. Apr. 24, 2014).

---

[2] District courts outside the Ninth Circuit have reached the same conclusion. *See, e.g., Exxon Mobil Corp. v. Mnuchin*, No. 3:17-CV-1930-B, 2018 WL 4103724, at *3 (N.D. Tex. Aug. 29, 2018); *Pitman v. USCIS*, No. 2:17-CV-00166-CV-EJF, 2018 WL 3232355, at *3 (D. Utah July 2, 2018). *But see, e.g., Oceana, Inc. v. Pritzker*, 217 F. Supp. 3d 310, 317-18 (D.D.C. 2016).

7

Likewise, this Court has treated deliberative documents considered by the agency as part of the administrative record in an APA case. *See Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*, No. CV 14-1667 PSG(Cwx), 2015 WL 3606419, at *2-8 (C.D. Cal. Feb. 4, 2015) (Gutierrez, J.) (assessing whether documents listed in a privilege log were properly withheld from the AR under the deliberative process privilege).

Defendants therefore are "wrong to assert that these types of materials, as a categorical matter, should be excluded from the universe of materials 'directly or indirectly considered by agency decision-makers.'" *Inst. for Fisheries Res.*, 2017 WL 89003, at *1. Such an approach vitiates the "thorough, probing, in-depth review" of agency action contemplated by the APA. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415 (1971). Defendants have refused to include in the AR documents that the agency considered, directly or indirectly—including documents describing or explaining the circumstances under which notice and process are required before terminating DACA—because they are (assertedly) subject to the deliberative process privilege. In so doing, Defendants have applied an incorrect legal standard in compiling the AR. That is sufficient to rebut the presumption of completeness. *Inst. for Fisheries Res.*, 2017 WL 89003, at *1; *Oceana, Inc. v. Pritzker*, 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017). So, too, is the representation of Defendants' counsel—confirmed by the certification stating that only "non-privileged documents" were provided—that such documents were not included in the AR. *See*

8

*Ctr. for Food Safety v. Vilsack*, 2017 WL 1709318, at *4 ("Because Defendants do not dispute that they have excluded all such documents from the AR on the basis of deliberative process privilege, the Court finds that the presumption of completeness is rebutted.").

## II. Defendants Must Produce a Privilege Log.

Once included in the AR, deliberative materials can, of course, "be protected from disclosure by the deliberative process privilege." *Inst. for Fisheries Res.*, 2017 WL 89003, at *1. But "[i]f a privilege applies, the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege." *Id.* For that reason, many district courts in the Ninth Circuit have required a privilege log in APA cases where a party asserts the deliberative process privilege. *See In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017) (collecting cases), *cert. granted, judgment vacated*, 138 S. Ct. 443 (2017); *see also, e.g.*, *San Francisco Bay Conservation & Dev. Comm'n*, 2018 WL 3846002, at *7; *Sierra Club*, 2018 WL 3126401, at *2-*5; *Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368, 379-80, 382-86 (N.D. Cal. 2017); *City of Laguna Niguel*, 2010 WL 11519590, at *3; *Nw. Envtl. Advocates v. U.S. E.P.A.*, No. 05-1876-HA, 2008 WL 111054, at *4 (D. Or. Jan. 7, 2008). This Court, for example, recently evaluated at length whether documents listed in a privilege log provided by the government in an APA case were properly withheld or redacted under the deliberative process privilege, and whether that assertion of privilege could be overcome. *Ctr. for*

9

*Biological Diversity*, 2015 WL 3606419, at *2-8 (Gutierrez, J.).

Although the Ninth Circuit has not yet addressed whether assertedly deliberative documents must be accounted for in a privilege log in APA cases, it has twice denied the government's request for a writ of mandamus after a district court ordered the government to produce a privilege log in an APA case. *See In re Thomas E. Price*, No. 17-71121 (9th Cir. Jan. 26, 2018) [Dkt. No. 20]; *In re United States*, 875 F.3d at 1210, *vacated on other grounds*, 138 S.Ct. 443, 445 (2017) (per curiam) (leaving the district court with discretion to compel the government to disclose documents the government believes are privileged after providing the government with the opportunity to argue the issue).

The need for a privilege log in a situation like this one—where one party seeks to withhold documents that would otherwise be included in the AR but for application of a privilege—is obvious: such a log is the only way to ensure that application of the privilege to the documents at issue is appropriate. *See Sierra Club*, 2018 WL 3126401, at *5 ("The only way to know if privilege applies is to review the deliberative documents in a privilege log."). Without a privilege log, Plaintiffs "have no way to challenge the assertion of privilege." *City of Laguna Niguel*, 2010 WL 11519590, at *4.

Insulating an assertion of privilege from any challenge "is particularly troubling" when it comes to the deliberative process privilege, because that privilege "is qualified, not absolute," meaning it may be overcome and the documents disclosed

10

"if the requesting party's need for the documents outweighs the agency's interest in withholding them." *Id.* Yet absent a privilege log, plaintiffs will "never have enough information to assert that disclosure is necessary," thereby "effectively eviscerat[ing] the qualified nature of the privilege." *Id.*

At bottom, permitting an agency to assert a privilege and withhold documents from an AR without producing a privilege log undermines the very purpose of judicial review of agency action: accountability. It also creates an incentive for agencies to make unduly broad assertions of privilege. *See San Francisco Bay Conservation & Dev. Comm'n*, 2018 WL 3846002, at *7 ("Allowing agencies discretion to determine which internal communications to include or withhold, without explanation or even bare assertion of privilege, 'would invite all manner of mischief.'") (quoting *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2018 WL 1210551, at *6 (N.D. Cal. Mar. 8, 2018)). And allowing assertions of privilege without requiring a log is fundamentally at odds with the requirement that a court review "the whole record" in an APA action. 5 U.S.C. § 706; *see Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) ("An incomplete record must be viewed as a 'fictional account of the actual decisionmaking process.' . . . If the record is not complete, then the requirement that the agency decision be supported by 'the record' becomes almost meaningless.") (quoting *Home Box Office, Inc. v. FCC*, 567 F.2d 9, 54 (D.C. Cir. 1977)).

Compelling the production of a privilege log is especially important in this case,

11

where there are reasonable grounds to believe that the documents being withheld by the government are not properly classified as deliberative. As this Court has explained, to be protected by the deliberative process privilege, "a document must be *both* (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2) 'deliberative,' meaning 'it must actually be related to the process by which policies are formulated.'" *Ctr. for Biological Diversity*, 2015 WL 3606419, at *3 (quoting *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988)). The documents at issue here likely do not satisfy either component of this test.

First, as Defendants explained to Plaintiffs' counsel, *see* Eiland Decl. Ex. B, and made clear in their Certification, *see id.*, Ex. A, the agency has not identified a specific point in time when the agency decided to begin terminating DACA without notice or process, including based solely on the issuance of an NTA, in circumstances beyond those permitted by the binding DACA Standard Operating Procedures. Defendants therefore cannot maintain that the documents being withheld were created *before* the adoption of the challenged agency practices. Second, during the meet and confer process, counsel for Defendants informed counsel for Plaintiffs that, given the lack of a clear decision point, Defendants instead filled the administrative record with documents that describe or confirm the existence of the agency's challenged practices. *See id.*, Ex. B. If the omitted documents regarding the policy of when termination *with* notice is required merely describe or explain the existence and/or operation of that policy, rather than "reveal the mental processes of decision-makers," they are not

12

properly considered deliberative. *Ctr. for Biological Diversity*, 2015 WL 3606419, at *3 (quoting *Assembly of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 921 (9th Cir. 1992)).

If Defendants wish to withhold certain documents from the AR on the basis of the deliberative process privilege or the attorney client privilege, they must "provide a privilege log that describes the document, identifies the basis for its withholding, and substantiates any claimed deliberative process privilege." *Gill*, 2015 WL 9258075, at *7.[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court order Defendants to complete the administrative record with all documents directly or indirectly considered by the agency decision-makers, or to produce a privilege log identifying the documents withheld from the record.

Dated: February 8, 2019

Ahilan T. Arulanantham
aarulanantham@aclusocal.org
Michael Kaufman
mkaufman@aclusocal.org
Dae Keun Kwon
akwon@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5232
Facsimile: (213) 977-5297

Respectfully submitted,

*/s/ Julie Veroff*
Julie Veroff
Katrina L. Eiland
Jennifer Chang Newell
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Phone: (415) 343-0770
Fax: (415) 395-0950

Michael K. T. Tan*
David Hausman*

---

[3] Plaintiffs are not requesting production of a privilege log for documents relating to the class members' individual termination decisions.

13

ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2660
Fax: (212) 549-2654

*admitted *pro hac vice*

*Counsel for Plaintiffs*